JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAY 22 1985

PATRICIA C.
CLERK OF T...

DOCKET NO. 642

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE COLE PATENT LITIGATION (No. II)

ORDER DENYING TRANSFER*

    This litigation presently consists of twenty actions pending in three federal districts: nine actions in the District of Delaware; eight actions in the Southern District of New York; and three actions in the Northern District of California. Before the Panel is a motion, pursuant to 28 U.S.C. §1407, by RCA Corp., plaintiff in all actions, to centralize the actions in the District of Delaware for coordinated or consolidated pretrial proceedings. Thirteen defendants do not oppose Section 1407 transfer; while six defendants oppose centralization. If the Panel deems transfer appropriate, two New York defendants suggest centralization in the Southern District of New York.

    On the basis of the papers filed and the hearing held, the Panel finds that Section 1407 transfer would not necessarily serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation. We recognize that these actions may share some common questions of fact; however, in light of 1) the prior litigation involving the validity of the Cole patent[1] and ii) the advanced stage of proceedings in a related Delaware action which is not included on the motion before the Panel and also involves the Cole patent,[2] we are not persuaded that Section 1407 transfer is warranted. Additionally, we note that motions for a stay of proceedings have been filed in at least five actions, which if granted, would reduce the number of active actions in this litigation. See In re Allen Compound Bow Patent Litigation, 446 F.Supp. 248, 250 (J.P.M.L. 1978). We point out that suitable alternatives to transfer exist in order to minimize the possibility of duplicative discovery and/or conflicting pretrial rulings. See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F.Supp. 242, 244 (J.P.M.L. 1978). See also Manual for Complex Litigation, Parts I and II, §§3.11 (rev. ed. 1981).

---

\*   Judge Milton Pollack recused himself and took no part in the decision of this matter.

[1]   RCA Corp. v. Applied Digital Data Systems, Inc., 730 F.2d 1440 (Fed. Cir. 1984).

[2]   RCA Corp. v. Data General Corp., C.A. No. 84-270-WKS (D. Delaware, filed May 10, 1984).

-2-

IT IS THEREFORE ORDERED that the motion for transfer pursuant to 28 U.S.C. §1407 be, and the same hereby is, DENIED.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A

MDL-642 -- In re Cole Patent Litigation (No. II)

### Northern District of California

RCA Corporation v. Kaypro Corporation, C.A. No. 85-20114-WAI

RCA Corporation v. Televideo Systems, Inc., C.A. No. 85-20115-WAI

RCA Corporation v. Convergent Technologies, Inc., C.A. No. 85-20116-WAI

### Southern District of New York

RCA Corporation v. Coleco Industries, Inc., C.A. No. 85-1631-SWK

RCA Corporation v. Xerox Corporation, C.A. No. 85-1633-RO

RCA Corporation v. Mohawk Data Sciences Corporation, et al., C.A. No. 85-1634-GLG

RCA Corporation v. Burroughs Corporation, et al., C.A. No. 85-1635-WK

RCA Corporation v. CPT Corporation, C.A. No. 85-1640-CBM

RCA Corporation v. Lee Data Corporation, C.A. No. 85-1641-DNE

RCA Corporation v. Nixdorf Computer Corporation, C.A. No. 85-1642-TPG

RCA Corporation v. Wang Laboratories, C.A. No. 85-1643-ADS

### District of Delaware

RCA Corporation v. Sperry Corporation, C.A. No. 85-142-WKS

RCA Corporation v. Datapoint Corporation, C.A. No. 85-143-WKS

RCA Corporation v. Honeywell, Inc., et al., C.A. No. 85-144-WKS

RCA Corporation v. Commodore Business Machines, Inc., et al., C.A. No. 85-145-WKS

RCA Corporation v. Esprit Systems, Inc., C.A. No. 85-146-WKS

RCA Corporation v. Datamedia Corporation, C.A. No. 85-147-WKS

RCA Corporation v. Atari Games, Inc., et al., C.A. No. 85-148-WKS

RCA Corporation v. Harris Corporation, C.A. No. 85-149-WKS

RCA Corporation v. Sinclair Research Ltd., et al., C.A. No. 85-150-WKS